IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carlos Bustamante, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:16-cv-11753 |
| Firehouse Pizza & Pub LLC, d.b.a. FireHouse Pizza, and Dominick Fecarotta | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Carlos Bustamante ("Bustamante") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Collective Action Complaint against Defendants Firehouse Pizza & Pub LLC, d.b.a. Firehouse Pizza & Pub, ("Firehouse") and Dominick Fecarotta ("Fecarotta") states as follows:

### Nature of the Action

1. This civil action is brought by the above-named individual plaintiff who seeks redress for the violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for Defendants' refusal to pay Plaintiff and other similarly situated employees their full wages. Plaintiff also brings a claim individually under and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"). Defendants' unlawful compensation practices have had the effect of denying Plaintiff and other similarly situated employees their lawfully earned and living wages. Plaintiff brings this FLSA claim pursuant to 29 U.S.C. § 216(b) and the state law claim pursuant to F.R.C.P. 23.

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 1337, and 29 U.S.C. § 216(b).

3. Venue is proper in this District as all events arising out of this case arose in this Judicial district.

### Parties

4. Plaintiff Bustamante is a citizen of Illinois and is a former employee of Defendants. His duties included cooking and other kitchen duties.

5. Defendant Firehouse is an Illinois limited liability corporation. Firehouse owes and operates a restaurant located at 65 W. Washington Street, Oswego, IL 60543.

6. Defendant Fecarotta is an individual who is the owner of Firehouse and who oversaw and instituted the illegal pay practice alleged herein.

### Factual Allegations

7. Bustamante began his employment in August 2015 and he left in September 2016.

8. Defendants have a policy and practice of paying Bustamante and other similarly situated employees *in cash or personal check* for any hours worked over 40 hours per week at the employee's non-overtime base rate of pay.

9. Bustamante was working substantial amounts of overtime but was just getting paid straight time for all of his work, including for those hours where he worked in excess of 40 hours in a work-week. He was not paid time and one half as the law requires for those hours over 40 in a work-week as the Department of Labor and the law require.

10. Bustamante was initially paid at the rate of $12.00 per hour and this was changed to $13.00 per hour 2 months after his start of employment. However, for hours worked over 40, he was still only paid at his previous normal rate of $12.00.

11. Plaintiff performed his job responsibilities for Defendants in the State of Illinois.

12. Bustamante typically worked 45-70 hours per week.

13. In May or April of 2016 Bustamante asked Fecarotta why he was not getting paid one and one-half times his normal rate for overtime and was told, 'Nobody gets paid that, not even my family.' or something to that effect.

14. Other similarly situated employees have been employed by the Defendants and have not been paid the required overtime wages.

15. The named Plaintiff was not exempt from the overtime provisions of the FLSA.

16. Defendants managed Plaintiff's work, including the amount of overtime required to be worked, and also dictated, controlled, and ratified the compensation and all related employment policies of Defendant Firehouse.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other non-exempt employees who worked overtime and was not fully compensated. ("FLSA Class")

18. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week.

19. At all times material to this Complaint, Defendants failed to comply with the FLSA in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants

for which no provision was made by Defendants to pay Plaintiffs and similarly situated persons the correct overtime rate of pay.

20. Plaintiff and asserted members of the collective are similarly situated because, *inter alia*, they were all were not paid the required overtime rate but were entitled under the FLSA to the paid overtime rate of one and one-half times their normal rate of pay for all work in excess of 40 hours per week; and had such rights undermined and neglected by Defendants' unlawful practices and policies.

21. Defendants have encouraged, permitted, and required the Class to work without required overtime compensation of one and one-half times the normal wages.

22. Defendants have known that Plaintiff and other members of the FLSA Class have been deprived of required overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiffs and the Class required compensation of one and one-half time normal wages for work in excess of 40 hours of the FLSA Class.

23. Defendants conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA class.

24. There are estimated to be over 30 current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a collective action is superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

25. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiffs and all

other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

26. Plaintiffs will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class/collective actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the collective.

### COUNT I - FAIR LABOR STANDARDS ACT
### (Plaintiff Individually and on Behalf of All
### Similarly Situated Employees Pursuant to 29 U.S.C. §216)

27. The Plaintiff re-alleges and incorporates paragraphs 1 through 26, as if fully set forth herein.

28. At all relevant times, Defendants employed and/or continued to employ Plaintiffs and each member of the proposed class of hourly employees within the meaning of the FLSA.

29. Defendants have a policy and practice of paying employees in *cash or personal check* for all hours worked over 40 in a week at the employee's normal rate of pay.

30. Under the FLSA, Plaintiff and the Class (hereinafter referred to as "The FLSA Class") were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each workweek.

31. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all non-discretionary compensation paid to employees.

32. Defendants failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

33. Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

**35.** Due to Defendants violations of the FLSA, Plaintiff alleges on behalf of the members of the proposed class that they have suffered damages and are entitled to recover damages from Defendants.

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

(a) Unpaid Compensation and Overtime;

(b) An additional amount equal as liquidated damages;

(c) Prejudgment interest; and

(d) Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II - ILLINOIS MINIMUM WAGE LAW
### (Plaintiff Individually)

36. Plaintiff hereby alleges and incorporates Paragraph 1 through 35 of this Complaint, as is fully set forth herein.

37. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

38. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

39. Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times normal rate for such overtime work.

40. By failing to pay overtime compensation due to Plaintiff, and also by Fecarotta telling Bustamante that they do not pay the required overtime rate to employees, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times normal rate to be paid.

41. As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiff has been damaged in that he has not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief:

(a) A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff;

(b) A declaratory judgment that Defendants' violations of the IMWL were willful;

(c) A judgment to Plaintiffs in the amount of unpaid wages;

(d) A judgment to Plaintiffs of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

(e) A judgment to Plaintiffs of reasonable attorneys' fees and costs incurred in filing this action; and

    (f)    Such other and further relief as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL.**

| | |
|---|---|
| Dated December 30, 2016 | Respectfully Submitted, |
| |   /s/ John Kunze_____ |
| | One of the Attorneys for the Plaintiff |

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563
(630) 355-7590
dfish@fishlawfirm.com
khilton@fishlawfirm.com
kunze@fishlawfirm.com