IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carlos Bustamante, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:16-cv-11753 |
| Firehouse Pizza & Pub LLC, d.b.a. FireHouse Pizza, and Dominick Fecarotta | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION FOR COSTS AND FEES

Plaintiffs Carlos Bustamante ("Plaintiff"), on behalf of himself and all other persons similarly situated, known and unknown, by its attorneys, hereby moves this Court pursuant to Federal Rule of Civil Procedure 4(d) for costs and fees incurred as a result of the failure of Firehouse Pizza & Pub LLC d/b/a FireHouse Pizza and Dominick Fecarotta ("Defendants") to comply with Plaintiffs request for a waiver of service of process. In support of its motion, Plaintiffs state as follows:

1. On December 30, 2016 Plaintiff filed a Complaint against Defendants alleging Violations of the Fair Labor Standards Act and the Illinois Minimum Wage Law regarding overtime.

2. On January 11, 2017, pursuant to Rule 4(d)(2), Plaintiffs' requested that Defendants waive service of process. The request complied with the requirements of Rule 4 and was sent via the United States Postal service certified mail. (see Exhibit 1)

3. A true and correct copy of the request is attached hereto as Exhibit 2.

4.     On January 30, 2017, Defendant, Dominick Fecarotta, called Plaintiff's counsel, John Kunze at 4:57 p.m. from the telephone number (727)487-4707. Mr. Kunze asked Defendant if he would be waiving service. In response, Defendant said that he would not be waiving service and that Plaintiff will need to serve him summons. Defendant did not return waiver of summons.

5.     Rule 4(d)(2) provides that "a corporation ... that receives notice of an action as provided for in this paragraph has a duty to avoid unnecessary costs of serving the summons." The rule provides that if a defendant fails to comply with a proper request for a waiver of service "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Rule 4(d)(5) provides that the costs to be imposed include all costs incurred in effecting service as well as all costs, including attorneys' fees, incurred in any motion to collect costs.

6.     Defendant failed to comply with a proper request for waiver of service, and instead insisted on service.

7.     Defendants have not shown any good cause for its refusal to comply with Plaintiff's request for a waiver of service.

8.     As a result of Defendants' refusal to waive service and to comply with its duty to save the costs of service, Plaintiffs' were forced to serve Defendants with the Complaint and Summons via special process server at a cost of $225. Plaintiffs' also incurred attorney's fees and costs in the amount of $424.46. The complete costs of bringing this motion are not yet determined. A true and correct copy of the receipts of the Special Process Server and the invoice for preparation are attached as Exhibit 3.

WHEREFORE Plaintiff Carlos Bustamante respectfully requests that this Court: (a)

award Plaintiffs' the costs incurred in effecting service of process; (b) award Plaintiffs the attorneys fees incurred in effecting service of process; (c) award Plaintiffs all costs and attorneys fees incurred as a result of this Motion for Costs and Fees; and (d) award any other relief this Court deems just and appropriate.

Dated: May 16, 2017               Respectfully Submitted,


                                  By: _____/s/ John Kunze_____
                                          One of Plaintiffs' Attorneys


David Fish
Kim Hilton
John Kunze
The Fish Law Firm, P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400